# UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**LESLIE A. MAY**                                                      **CIVIL ACTION**

**VERSUS**

**FEDEX FREIGHT SOUTHEAST,**                            **NO. 07-660-B-M2**
**INC., AND TODD WATSON**

## <u>RULING & ORDER</u>

This matter is before the Court on the Motion to Compel (R. Doc. 42) filed by

plaintiff, Leslie A. May ("plaintiff").  Defendant, FedEx Freight East, Inc. ("FedEx"), has filed

an opposition (R. Doc. 47) to plaintiff's motion.

## <u>FACTS & PROCEDURAL BACKGROUND</u>

On September 10, 2007, plaintiff filed this suit against her former employer, FedEx,

and one of her former coworkers at FedEx, Todd Watson ("Watson"), who allegedly

sexually harassed her during her employment at FedEx.  She contends that FedEx was

aware of Watson's harassing behavior because other female employees had filed

complaints regarding Watson.  She alleges that FedEx took no action to eliminate Watson's

conduct or address her complaints and that, after she filed a charge with the Equal

Employment Opportunity Commission on February 13, 2007, she was subsequently

"administratively separated" from her employment with FedEx on March 30, 2007.  As a

result of the harassment and retaliation that she allegedly endured, she contends that

FedEx is indebted to her for violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C.

§2000e, *et seq*., the Louisiana Employment Discrimination Law, La. R.S. 23:332, *et seq*.,

and Louisiana's Whistleblower Law, La. R.S. 23:967.  She further alleges that Watson is

liable to her (and FedEx is vicariously liable to her) for all damages arising from the assault and battery of plaintiff committed by Watson and for intentional infliction of emotional distress.  She contends that she is also entitled to punitive damages under 42 U.S.C. §1981a and other damages, such as back pay, front pay, lost benefits, medical expenses, attorney's fees, and court costs.

On July 15, 2008, plaintiff propounded interrogatories and requests for production of documents to FedEx, seeking, among other items:  (1) all employee handbooks and policies governing plaintiff's employment; (2) Watson's personnel file and all other documents related to Watson's employment whether or not maintained in a personnel file; (3) any and all emails referencing, as well as those sent to and from, plaintiff and Watson; and (4) a copy of FedEx's policy governing archival, storage, and destruction of electronic communications and electronic documents.  FedEx responded to those discovery requests on August 25, 2008.  FedEx objected to the production of employee handbooks and policies on the ground that such request is "vague, ambiguous and seeks information that is not relevant to any party's claims []or defenses" and because the request seeks "proprietary and confidential information" related to its business operations.  It objected to the request for Watson's personnel file and Watson's other employment related documents on the ground that such request is "overly broad, unduly burdensome, and not reasonably limited in time and or scope to lead to the discovery of admissible evidence" and because the request seeks information that is irrelevant and "confidential information subject to HIP[A]A privacy regulations and financial privacy laws."  FedEx objected to the production of the requested emails as "excessively expensive and unduly burdensome" on the ground that such documents are "not reasonably accessible because of undue burden or cost, as

2

electronically stored information, specifically email, is archived in Defendant's computer system, but not categorized and/or separated by the names of the thousands of individuals employed by FedEx."  Despite such objections, FedEx indicated, in its August 25, 2008 discovery responses, that it would produce the requested company policies and Watson's personnel file "subject to the parties entering into a mutually agreeable protective order."

On October 30, 2008, plaintiff's counsel sent a letter to FedEx's counsel requesting a telephone conference to discuss FedEx's objections to plaintiff's discovery responses. That telephone conference occurred on November 21, 2008, and following the conference, defense counsel submitted a stipulated protective order to plaintiff's counsel for review. According to FedEx's opposition, during the November 21, 2008 telephone conference, defense counsel advised plaintiff's counsel of the "huge expense and hardship associated with the categorizing and retrieving of 'all emails referencing' plaintiff and Mr. Watson, as well as any and all emails sent to and from plaintiff and Mr. Watson."  Defense counsel apparently informed plaintiff's counsel that such discovery request would likely require a follow-up meeting with an individual from FedEx's IT department to determine the feasability of a response, and plaintiff's counsel indicated that he was agreeable to such a meeting.

Although plaintiff's counsel initially indicated, via email correspondence, that FedEx's proposed protective order was "fine," he subsequently changed his mind and notified defense counsel that FedEx's proposed protective order was overbroad in that it deemed any documents or pleadings exchanged during this litigation to be confidential and not subject to disclosure.  Over the course of the next several months, the parties negotiated the details of the protective order.  On March 20, 2009, plaintiff's counsel submitted a

proposed protective order to defense counsel for signature.  However, defense counsel contends that plaintiff's proposed protective order does not sufficiently protect FedEx's confidential information, and the remaining documents have not been provided in response to plaintiff's discovery requests.  Plaintiff therefore filed the present motion, seeking to have the Court compel defendant to produce those documents subject to her proposed protective order and award her the reasonable attorney's fees and costs that she incurred in bringing this motion.[1]

In response, FedEx requests that the Court deny plaintiff's motion to compel and enter the proposed protective order attached to its opposition.  FedEx notes in its opposition that, after rejecting plaintiff's proposed protective order, defense counsel made several attempts over the telephone and in writing to confer with plaintiff's counsel to resolve the issues presented by this motion; however, plaintiff's counsel "essentially ignored those efforts" and filed the present motion to compel.  Defense counsel therefore requests that the Court award FedEx the reasonable attorney's fees and costs it incurred in opposing this motion due to plaintiff's "demonstrated refusal to comply with Rule 37(a) of the Federal Rules of Civil Procedure."

## LAW & ANALYSIS

It appears, based upon FedEx's opposition, that FedEx has been willing to produce its employee handbooks and policies governing plaintiff's employment, Watson's personnel file, and FedEx's policy governing archival, storage, and destruction of electronic communication and documents immediately upon the parties agreeing to a protective order.

---

[1] Specifically, through her motion, plaintiff seeks complete responses to her Request for Production Nos. 4, 9, 10, 11 and 15.

FedEx's primary issues with the protective order proposed by the plaintiff are three-fold. First, FedEx has an issue with Paragraph 2 of the protective order because that paragraph provides that the only information considered to be "confidential" under the protective order is "information for which there is a significant privacy interest or trade secret such that disclosure in the public record would have the potential to lead to material harm or the potential of material harm to a party or third person to whom the information relates." FedEx proposes that the following definition of "confidential" should instead be included in the protective order: "Any and all documents, responses to requests for information, transcripts, oral deposition testimony (however perpetuated), information on video or audio tapes and electronic information or communications designated as confidential at the time of its disclosure or within a reasonable time after disclosure; any and all documents marked as 'Confidential and Subject to Protective Order' on the face of the documents when produced; any and all documents designated as confidential by a party in its written discovery responses or in a privilege log (including supplemental responses); and any and all information contained in any or all of these documents."

While the Court agrees with FedEx that the definition of "confidential" in plaintiff's proposed protective order is subject to significant interpretation and therefore not sufficiently protective of documents and information FedEx may consider to be confidential and proprietary, the Court also finds that FedEx's proposed definition of "confidential" is overly broad and essentially allows it to designate any document/information as confidential regardless of whether there is a legitimate basis (or "good cause")[2] for doing so. The Court

---

[2] In order for a court to enter a protective order pursuant to Fed. R. Civ. P. 26(c), the party seeking such order must demonstrate that there is "good cause" for "requiring

therefore recommends the following definition for the term "confidential":

> The following documents and/or information produced in discovery or disclosed in pleadings, depositions, motions, supporting memoranda, declarations, and/or affidavits are considered "confidential" and shall constitute protected information for purposes of this Order:  (A) Any proprietary, commercial or business information; (B) Any documents or information regarding investigations or records of any employee complaints and/or investigations; (C) Any proprietary employee training materials, documents and/or information; (D) Any proprietary written policies or procedures; and (E) Any documents and/or information concerning FedEx's (or a related entity's) current or former employees.

Such definition shall be included in Paragraph 2 of the protective order between the parties.

Secondly, FedEx takes issue with Paragraph 4 of the plaintiff's proposed protective order, which requires the parties to provide a written explanation as to why they are designating documents as confidential.  FedEx contends that such a written explanation is unnecessary since the language in the protective order would serve that purpose.  The Court agrees and finds that Paragraph 4 of the protective order should state:

> The producing party, through counsel, may designate as "confidential" documents and information which it reasonably believes to be entitled to protection from disclosure by conspicuously marking or stamping the material as "CONFIDENTIAL" (or marking or stamping with words of similar effect) before producing the material or, in the case of deposition testimony, by making such designation on the record or in writing within thirty (30) days after receipt of the deposition transcript. *The opposing party shall have the right to contest the characterization of any such document or*

_____

that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way."  Fed. R. Civ. P. 26(c)(1)(G).

*information as "CONFIDENTIAL" by motion to the Court.*[3]

It is unnecessary and would be overly burdensome to require the production of a written explanation each time a document or other information is claimed to be confidential.  If the opposing party disagrees with the producing party's "confidentiality" designation, it may present its arguments to the Court for resolution.

Finally, FedEx disagrees with Paragraph 15(b) of the plaintiff's proposed protective order, which designates as confidential only those documents within Watson's personnel file that include his social security number, his date of birth, or other information not available in the public record.  FedEx contends that Watson's entire personnel file, including those documents that do not include Watson's social security number or his date of birth, should be designated as "confidential and subject to protective order."  Based upon the definition of the term "confidential" recommended by the Court above, the entirety of Watson's personnel file, not just those documents containing personal identifiers, should be protected by the Order and marked as "Confidential and Subject to Protective Order."  Paragraph 15(b) of the Protective Order shall so state.[4]

The above changes should be incorporated into the protective order applicable to this case, and the parties shall execute such order within ten (10) days of this Ruling.  Following execution of the revised protective order, FedEx shall produce its employee

---

[3] The italicized portion of Paragraph 4 indicates the change suggested by the Court.

[4] As FedEx explains in its opposition, other documents within Watson's personnel file that do not contain personal identifiers, such as his social security number and his date of birth, may contain confidential health, financial, and personal identifying background information, which is subject to protection under HIPAA and/or financial privacy laws.

7

handbooks and policies governing plaintiff's employment, Watson's personnel file, and its policy governing archival, storage, and destruction of electronic communication and documents to plaintiff within five (5) days, appropriately marked as "Confidential and Subject to Protective Order." While Watson's personnel file is relevant to this litigation and discoverable since he is the alleged perpetrator of the harassment giving rise to plaintiff's claims, the Court nevertheless agrees with FedEx that plaintiff's request for "all other documents related to Watson's employment whether or not they were maintained in a personnel file" is overly broad, unduly burdensome, and not reasonably limited in time and/or scope to lead to the discovery of admissible evidence, and FedEx therefore need not respond to that portion of plaintiff's Request for Production No. 15.

Finally, relative to plaintiff's request for any and all emails referencing, as well as sent to and from, plaintiff and Watson, the Court does not have sufficient information before it at this time to make a determination as to whether the retrieval of such emails is indeed "excessively expensive and unduly burdensome," as FedEx contends. In order to make such a determination, the Court would need to review an affidavit or other evidence originating from FedEx's IT department explaining the process entailed in retrieving the requested emails from FedEx's email system and approximately how long it would take and how expensive such process would be. It appears that FedEx was attempting to set up a meeting between a representative of its IT department and plaintiff's counsel in an effort at providing that information to the plaintiff; however, before that meeting was scheduled, plaintiff's counsel filed the present motion and sought court intervention without first attempting to resolve the issue amicably between the parties. The Court finds that such a meeting should occur, and if, after that meeting, plaintiff's counsel continues to have an

issue with FedEx's "expense and burden" objection, plaintiff can reassert her motion to compel relative to the requested emails at that time. At that point, of course, FedEx's opposition should contain specific information concerning the expense and burden associated with producing the requested emails, derived from a representative of FedEx's IT department, so that the Court can determine whether such objection has merit.

Since the Court finds that the arguments of both parties relating to the present motion have merit, at least in part, the Court declines to award either party the attorney's fees and costs incurred in bringing/opposing this motion.[5]

Accordingly;

**IT IS ORDERED** that the Motion to Compel (R. Doc. 42) filed by plaintiff, Leslie A. May, is hereby **GRANTED IN PART** and **DENIED IN PART** as set forth in the above Ruling.

**IT IS FURTHER ORDERED** that the changes to Paragraphs 2, 4, and 15(b) of the protective order applicable to this case shall be incorporated and that the parties shall

---

[5] While plaintiff's counsel arranged and conducted a Rule 37 conference to discuss FedEx's objections to her discovery requests prior to filing this motion, it appears that, during that conference, the parties agreed that they would negotiate and agree upon a protective order prior to the requested documents being produced. Defense counsel initially submitted a proposed protective order, which plaintiff's counsel did not approve. It was then agreed that plaintiff's counsel would submit revisions to that protective order. It took plaintiff's counsel several months to submit those revisions, and when he did so, defense counsel sent plaintiff's counsel a letter on April 8, 2009, advising of his objections to the plaintiff's proposed protective order. Rather than conferring with defense counsel telephonically on April 9, 2009 in an effort at resolving the issues pertaining to plaintiff's proposed protective order, plaintiff's counsel simply filed the present motion seeking court intervention. Under the circumstances, the Court cannot find that either party is entitled to attorney's fees related to the present motion and instead finds that the parties should implement the changes to the protective order discussed in this Ruling and attempt to resolve the email correspondence issue among themselves, failing which court intervention may once again be sought.

execute that order within ten (10) days of this Ruling & Order.

**IT IS FURTHER ORDERED** that, within five (5) days of the execution of the revised protective order, defendant, FedEx Freight Southeast, Inc., shall produce its employee handbooks and policies governing plaintiff's employment, Watson's personnel file, and its policy governing archiving, storage, and destruction of electronic communication and documents to plaintiff, appropriately marked as "Confidential and Subject to Protective Order."

**IT IS FURTHER ORDERED** that, within thirty (30) days of this Order, plaintiff's counsel shall attend a meeting with defense counsel and a representative of FedEx's IT department to discuss the burden and expense of producing the emails requested by plaintiff.  If, after that meeting, plaintiff's counsel continues to have an issue with FedEx's objections to producing the requested emails, plaintiff can reassert her motion to compel relative to the requested emails at that time.

**IT IS FURTHER ORDERED** that the parties' respective requests for awards of the attorney's fees and costs that they incurred in bringing/opposing the present motion to compel are **DENIED**.

Signed in chambers in Baton Rouge, Louisiana, June 8, 2009.

**MAGISTRATE JUDGE CHRISTINE NOLAND**